IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE OF PITTSBURGH, PA | * * * | |
| Plaintiff | * * | |
| V. | * * | NO: 4:13CV00275 SWW |
| KENNETH GRAHAM | * * | |
| Defendant | * | |

**ORDER**

National Union Fire Insurance of Pittsburgh, PA ("National") brings this diversity action, claiming that it paid Defendant Kenneth Graham ("Graham") disability benefits based on a fraudulent insurance claim, and Graham counterclaims for attorney's fees and a penalty pursuant to Ark. Code Ann. § 23-79-208. Before the Court is Graham's motion for summary judgment (ECF No. 11), National's response in opposition (ECF Nos. 12, 13, 14), and Graham's reply (ECF No. 15). After careful consideration, and for reasons that follow, the motion is denied.

**I.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case."[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.*

---

[1] To merit the summary adjudication of his counterclaim, Graham must support his motion with credible evidence establishing each element of his claim. If Graham fails to meet his initial burden, the Court must deny his motion, regardless of National's response. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)**.**

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995)**.**

**II**.

National issued Graham an insurance policy (the "Policy") that required it to pay 100% of an accidental disability benefit totaling $1,500,000 if Graham suffered, among other things, "loss of sight of both eyes." Compl., ECF No. 1, Attach. The Policy defines "loss of the sight of an eye" as the "total and irrecoverable loss of the entire sight in that eye." *Id*.

In July 2006, Graham submitted a proof of loss form to National. In Part A of the form, Graham reported that on July 6, 2005, a "can of oven cleaner/lye exploded in [his] face[,] resulting in blindness in both eyes." ECF NO. 11-2, Ex. A. Part B of the form includes an attending physician's statement signed by Joseph Chacko, M.D., which indicates that Graham suffered "total and irrecoverable loss of sight" in both eyes. Dr. Chacko answered "No" to the question: "Do you believe vision can be restored in whole or in part by treatment or operation?" Part B includes a section which states:

> IF THE INDICATED LOSS(ES) INCLUDE LOSS OF SIGHT, PLEASE ANSWER THE FOLLOWING QUESTIONS. IF THE LOSS OF SIGHT IS PARTIAL, BUT IRRECOVERABLE, PLEASE STATE AMOUNT OF VISION IN EACH EYE WITH SNELLEN NOTATIONS, OR JAEGER SCALE, IF PERTINENT.

In response to this inquiry, Dr. Chacko answered:

| UNCORRECTED | CORRECTED |
|---|---|
| O.D. 20/200  O.S. HM | O.D. 20/200  O.S. HM |

In May 2010, National paid Graham $1,500,000 based on his claim. National now alleges that it has learned, though medical and surveillance evidence, that Graham did not sustain a total loss of sight to

both eyes. National brings claims for breach of contract, fraud, and unjust enrichment, and Graham counterclaims for a statutory penalty and attorney's fee award. Graham claims that National delayed paying his benefits for more than three and one-half years and paid his claim only after he commenced arbitration proceedings.

### III.

Graham moves for summary judgment on National's claims, asserting a single argument: that National cannot prove that he represented that he suffered a total and irrevocable loss of sight in both eyes. In its complaint, National alleges that in connection with Graham's claim for benefits, he claimed that he suffered total and irrecoverable loss of sight in both eyes and that Graham caused Dr. Chacko's statement to be submitted, which stated the same. According to Graham, however, Dr. Chacko's statement "clearly clarifies" that Graham suffered only a partial loss of vision, resulting in vision of 20/200 on the Snellen visual acuity sale.

Contrary to Graham's assertion, it is far from clear that Dr. Chacko's statement indicates that Graham suffered only a partial loss of vision. Furthermore, Graham personally reported that he suffered "blindness in both eyes." Whether Graham made false representations of material fact in connection with his claim for insurance benefits remains a question for trial, and Graham has failed to demonstrate that National is unable to prove other essential elements of its claims for relief.[2]

---

[2] In Arkansas, fraud consists of five elements: "(1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance upon the representation; and (5) damage suffered as a result of the reliance." *Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 580, 66 S.W.3d 568, 577 (2002)(citations omitted). The elements for breach of contract under Arkansas law include: (1) the existence of a valid and enforceable contract; (2) an obligation on the part of the defendant; (3) a breach of that obligation; and (4) damages resulting from the breach. *See Rabalaias v. Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985). Finally, a contract between the parties does not necessarily foreclose an equitable claim for unjust enrichment, which is based on the notion that

For his counterclaim, Graham seeks attorney fees and a penalty under Ark. Code Ann. § 23-79-208,[3] which permits the award of attorney fees and a 12% penalty "[w]here an insured loss occurs and an insurance company fails to pay the loss within the time specified in the policy . . . ." *Miller's Mut. Ins. Co. v. Smith Co.*, 284 Ark. 124, 126, 680 S.W.2d 102, 103 (1984). Because questions remain as to whether Graham suffered a loss, he is not entitled to summary judgment on his counterclaim. *See Shelter Mut. Ins. Co. v. Smith,* 300 Ark. 348, 351-352, 779 S.W.2d 149, 151 (1989)(citations omitted)("We have interpreted this statute [Ark. Code Ann. § 23-79-208] to require the insured to have suffered a loss, and to have recovered a money judgment.").

IV.

For the reasons stated, Plaintiff's motion for summary judgment (ECF No. 11) is DENIED.

IT IS SO ORDERED THIS 1ST DAY OF APRIL, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

a person should not become unjustly enriched at the expense of another and should be required to make restitution for the unjust enrichment received. *See Campbell v. Asbury Auto., Inc*., 2011 Ark. 157, 381 S.W.3d 21 (2011).

[3]Arkansas Code Ann. § 23-79-208(a) provides:

In all cases in which loss occurs and the cargo, property, marine, casualty, fidelity, surety, cyclone, tornado, life, accident and health, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association or company liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.